## GEORGE A. WHITING *vs.* ELI F. STACY.

Under a written guaranty, made in October 1851, to be responsible for goods furnished to a third person to a certain amount, goods were furnished in August, September and October 1852, and no notice was given to the guarantor of the amount due from the principal, or of any default of payment, until the service on him of the writ in an action brought on the guaranty in January 1856. *Held,* that the right to recover was barred by laches.

ACTION OF CONTRACT on this guaranty, dated October 6th 1851, signed by the defendant and addressed to the plaintiff: " I will be responsible for what goods John H. Stacy may order of you, to the amount of two hundred dollars."

At the trial in the superior court of Suffolk, at May term 1858, *Allen,* C. J. directed a verdict for the defendant, and the plaintiff alleged exceptions. The facts are stated in the opinion of the court.

*A. V. Lynde,* for the plaintiff.

*A. A. Ranney,* for the defendant.

HOAR, J. It will not be necessary to consider whether the guaranty declared on in this action was a continuing guaranty, or whether, under the circumstances, the defendant was entitled to notice of the acceptance of the guaranty by the plaintiff. The doctrine has been repeatedly announced by this court, and it must now be regarded as the settled law of Massachusetts, that, as a general rule, in order to maintain an action against a guarantor of a future contingent event, notice that the guaranty has become operative must be given in a reasonable time to the guarantor. *Babcock* v. *Bryant,* 12 Pick. 133. *Bickford* v. *Gibbs,* 8 Cush. 156. *Courtis* v. *Dennis,* 7 Met. 519. *Clark* v. *Remington,* 11 Met. 366.

In this case, the guaranty was given on the 6th of October 1851; the goods were furnished in August, September and October 1852; the action was commenced on the 24th of January 1856; and no notice was ever given to the defendant of the amount due from the principal, or that any credit had been given him upon the defendant's guaranty, except the service of the writ. We can have no doubt that the defendant did not

receive the notice to which his contract entitled him; that a delay of three years, without any reason shown for it, was an unreasonable delay; and that the plaintiff, by his own laches, has barred his right of action. *Exceptions overruled.*